IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL THOMAS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00394-TFM-B |
| | * |
| JPMORGAN CHASE BANK, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant JPMorgan Chase Bank's motion to dismiss and memorandum in support. (Docs. 6, 7). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion (Doc. 6) be **GRANTED**, and this action be **DISMISSED with prejudice**.

### I. BACKGROUND

Plaintiff Michael Thomas ("Thomas"), proceeding *pro se*, filed a complaint against Defendant JPMorgan Chase Bank ("JPMorgan") and paid the filing fee for a civil action. (Doc. 1). In his form complaint,[1] Thomas alleges this Court has federal question jurisdiction pursuant to alleged "security fraud." (Doc. 1 at 3).

---

[1] Thomas utilized a complaint form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case." (See Doc. 1).

1

When prompted to provide a short and plain statement of his claim, he states:[2]

> In the attached documents the plaintiff applied for a vehicle in the amount of $101,734 using a consumer credit transaction and was denied. The plaintiff tried to get the defendant to correct their wrong but they stated their decision is final. The plaintiff has a right to credit utilizing the collateral security, application, but is being withheld access to their securities.

(Doc. 1 at 4).

For relief, he seeks "$101,734.00 plus unearned interest." (Id.).

After JPMorgan denied his credit application, Thomas sent JPMorgan a "RESPONSE TO ADVERSE ACTION OPPORTUNITY TO CURE" letter dated September 20, 2023. The letter provides:

> I Thomas; Michael is the beneficiary on behalf of the Principal MICHAEL THOMAS am responding to the adverse action letter that was received August 21, 2023, denying me credit in which one was the reasons was "INSUFFICENT INCOME RELATIVE TO LOAN AMOUNT REQUESTS." The ECOA states I can't be denied based on income from any source. Chase is discriminating against me based on income without giving me a chance to prove if I can complete my performance for the vehicle. Basically, Chase is stating if I had more income then I can be approved which is a clear indication of discrimination. Chase is a national bank which means Chase is obligated to follow the Federal Reserve Act and according to section 16 part 2, the collateral security fully guaranteed as to principal and interest by the U.S. or any agency thereof and in no event shall such collateral security be less than the amount of Federal Reserve notes applied for. 12 USC 1431 states the Banks are the borrowers and the Banks pay the interest. I have a security interest since my social

---

[2] Unless indicated otherwise by brackets, quoted language from Thomas' pro se filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

2

> security was on the application and if I can't utilize my security interest that's security fraud and should be reported to the SEC. I give the CFO or the Indentured Trustee of Chase five (5) business days to reverse the denial for the vehicle. If Chase wishes to continue to commit security fraud, I instruct Chase to respond in writing for reasons for doing so.

(Id. at 23).

Thereafter, Thomas sent a second letter dated October 5, 2023, titled "RESPONSE TO ADVERSE ACTION DEFAULT NOTICE." This letter states:

> A letter was sent to Chase Bank August 28, 2023, and September 20, 2023, to reverse the denial of an application that was submitted. I applied for a vehicle in the amount of $101,734 on 8/10/2023 and was denied. Regardless of the reason for being denied, I have the right to credit. Withholding my access to my securities is security fraud. You are violating the Equal Credit Opportunity Act and Consumer Credit Protection Act. Since you are denying me access to my credit, please retract my application. This is the third and final letter being sent to Chase Bank to correct their wrongdoing. I give Chase Bank five (5) business days to respond in writing to this letter.

(Id. at 24).

Pending before the Court is JPMorgan's motion to dismiss and supporting memorandum. (Docs. 6, 7). JPMorgan argues that Thomas' complaint should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 7 at 5-11). Thomas filed responses in opposition (Docs. 10, 13), and a response to JPMorgan's reply (Doc. 14). (Doc. 15). JPMorgan's motion to dismiss is now fully briefed and ripe for resolution.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a complaint does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citation omitted).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani

4

v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A court reviewing a Rule 12(b)(6) motion to dismiss must typically limit its consideration to the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

Furthermore, because Thomas alleges JPMorgan committed securities fraud, his complaint must satisfy the heightened pleading standard of Rule 9(b) by alleging "with particularity the circumstances constituting the fraud." S.E.C. v. Cty. of Miami, Fla., 988 F. Supp. 2d 1343, 1353 (S.D. Fla. 2013) (citation and internal quotation marks omitted); Fed. R. Civ. P. 9(b). The Eleventh Circuit has aptly stated:

> While Rule 9(b) does not abrogate the concept of notice pleading, it plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (citation omitted).

### B. *Pro Se* Litigation

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th

Cir. 1998) (per curiam). However, "'this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. **DISCUSSION**

#### A. Security Fraud

As noted *supra*, Thomas alleges JPMorgan's denial of his credit application to purchase a vehicle amounted to "security fraud." (Doc. 1). As best the undersigned can discern, Thomas contends that JPMorgan's refusal to permit him to utilize some form of "security interest" to purchase a vehicle constitutes security fraud. (Id. at 23).

The primary purpose of the Securities Acts of 1933 and 1934 is to "'insure honest securities markets and thereby promote investor confidence.'" Chadbourne & Parke LLP v. Troice, 571 U.S. 377, 389-90 (2014); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 728 (1975) ("The 1933 Act was described as an Act 'to provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails, and

6

to prevent frauds in the sale thereof[.] . . . The Securities Exchange Act of 1934 . . . was described as an Act 'to provide for the regulation of securities exchanges and of over-the-counter markets operating in interstate and foreign commerce and through the mails, to prevent inequitable and unfair practices on such exchanges and markets, and for other purposes.'").

"Section 10(b) and Rule 10b-5 make it unlawful for an individual to employ a manipulative or deceptive device in connection with the purchase or sale of any security." Damian v. Montgomery Cnty. Bankshares, Inc., 981 F. Supp. 2d 1368, 1375 (N.D. Ga. 2013); see 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. To maintain a securities-fraud claim, the plaintiff must allege: "(1) a material misrepresentation or omission; (2) made with scienter; (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss; and (6) a causal connection between the material misrepresentation or omission and the loss, commonly called 'loss causation.'" Damian, 981 F. Supp. 2d at 1375 (citations and internal quotation marks omitted). Thus, "the transaction at hand must involve a 'security' as defined in the Acts." S.E.C. v. Complete Business Solutions Grp., Inc., 538 F. Supp. 3d 1309, 1322 (S.D. Fla. 2021) (citations omitted).

The complaint contains no allegations that Thomas engaged in a transaction involving the sale or purchase of securities from

7

JPMorgan, or that he relied on a material misrepresentation in connection with the transaction. Simply put, Thomas has set forth no facts to support his claim of securities fraud in connection with his attempt to purchase a vehicle. The absence of a transaction concerning the purchase or sale of securities necessarily dooms his claim. Accordingly, this claim is due to be dismissed.

### B. Federal Reserve Act

In the attachments to his complaint, Thomas references Section 16 of the Federal Reserve Act, 12 U.S.C. § 411, to essentially assert that JPMorgan has a duty to provide him with collateral for the purchase of a vehicle. (See Doc. 1 at 12; Doc. 13).

Not only is Thomas' claim nonsensical, but the Federal Reserve Act does not provide litigants with a private right of action. See, e.g., White v. Lake Union Ga. Partners LLC, 2023 U.S. Dist. LEXIS 184024, at *3, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("Multiple courts across the country have held that [Section 16 of the Federal Reserve Act] does not provide plaintiffs with a private right of action . . . ."); Morton v. Am. Express, 2023 U.S. Dist. LEXIS 209318, at *6, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) ("Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-21, . . . governs penalties on banks for an array of misconduct. . . . However, 'the imposition of civil penalties

8

under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act.'"); Villaplana v. Randazzo, 2017 U.S. Dist. LEXIS 187588, at *5, 2017 WL 5473453, at *2 (D.N.J. Nov. 14, 2017) ("Section 411 concerns the issuance of federal reserve notes to federal reserve banks.  The section does not provide a private right of action."); In re Tipton, 2022 U.S. Dist. LEXIS 63831, at *4, 2022 WL 1028026, at *2 (S.D. Tex. Apr. 6, 2022) ("12 U.S.C. § 411, titled 'Issuance to reserve banks; nature of obligations; redemption,' governs the issuance of Federal Reserve notes and delegates to the Federal Reserve System the power to make clear that such notes are authorized currency of the United States. . . . [T]his statute does not provide a private cause of action."). Accordingly, this claim is due to be dismissed.

**C. Equal Credit and Opportunity Act ("ECOA")**

Lastly, Thomas alleges JPMorgan discriminated against him because one of the proffered reasons for the denial of his credit application was insufficient income relative to the loan amount requested.  (Doc. 1 at 23).

The Equal Credit and Opportunity Act prohibits a creditor from discriminating "against any applicant, with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national original, sex or marital status, or age"; or "(2) because all or part of the applicant's income derives from

9

any public assistance program[.]"  15 U.S.C. § 1691(a)(1)-(2). Thus, "[d]iscrimination on the basis of some protected class (such as race) is a vital component to [a plaintiff's] ECOA claim[.]" Nicholson v. Johanns, 2007 U.S. Dist. LEXIS 83909, at *18, 2007 WL 3407045, at *5 (S.D. Ala. Nov. 13, 2007).  To state a claim under 15 U.S.C. § 1691(a)(1), a plaintiff "must plead specific facts that support a showing that [he] is a member of a protected class and that others of similar credit stature were given more favorable treatment than [p]laintiff."  Russel v. Synchrony Financial, 2018 U.S. Dist. LEXIS 57141, at *15, 2018 WL 1618038, at *5 (N.D. Ala. Apr. 3, 2018).

Here, Thomas does not identify the protected class of which he is a member.  Nor has he plead specific facts indicating others with similar credit statures received more favorable treatment than he.  Rather, he asserts he was discriminated against because he has an "equal opportunity to credit, . . . regardless of [his] creditworthiness."  (Doc. 10 at 1-2).  On the contrary, establishing a case of discrimination requires the plaintiff to show he "was qualified for an extension of credit" and was rejected despite his qualifications.  Floyd-Keith v. Homecomings Fin., LLC, 2010 U.S. Dist. LEXIS 107127, at *11, 2010 WL 3927596, at *3 (M.D. Ala. Sept. 17, 2010).  Here, JPMorgan provided the following reasons for denying Thomas credit: "LENGTH OF TIME SINCE LAST DEROGATORY ACCOUNT(s); LENGTH OF TIME SINCE OLDEST ACCOUNT

10

ESTABLISHED; INSUFFICIENT INCOME RELATIVE TO LOAN AMOUNT REQUESTED; and INSUFFICIENT EQUITY IN VEHICLE." (Doc. 1 at 7). Thomas has alleged nor offered facts demonstrating that he was qualified for the credit that he was seeking or that he was discriminated against based on a prohibited reason. Accordingly, his claim under § 1691(a) is due to be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned **recommends** that JPMorgan's motion to dismiss (Doc. 6) be **GRANTED**, and this action be **DISMISSED with prejudice**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **August, 2024.**

                                            **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**